JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-775 JGB (SPx) | Date | October 26, 2022 |
| Title | *David Stalling v. A-Check Global* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order DISMISSING Plaintiff's Complaint for Failure to Prosecute (IN CHAMBERS)**

On May 1, 2021, Plaintiff David Stalling filed a complaint against Defendant A-Check Global. ("Complaint," Dkt. No. 1.) On February 8, 2022, the Court ordered Plaintiff to show cause in writing by February 22, 2022 why the action should not be dismissed for lack of prosecution. (Dkt. No. 11.) As of October 24, 2022, Plaintiff has neither continued to prosecute his case nor responded to the Court's February 22, 2022 order to show cause.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 42(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has failed to respond to the Court's order to show cause for approximately eight months. The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to

prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Defendant, forcing it to spend needless resources on contesting this matter; in fact, Plaintiff has already unreasonably delayed this action without explanation and in violation of this Court's prior order.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic: Plaintiff has yet to pursue this case in any meaningful way since the filing of the Complaint and is unlikely to do so in the future.

Accordingly, the Court DISMISSES Plaintiff's action for failure to prosecute and DIRECTS the Clerk to close the case.

**IT IS SO ORDERED.**